Filed 6/14/24  In re T.C. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.C., A Person Coming Under Juvenile Court Law. | B317922 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,  Plaintiff and Respondent,  v.  O.V.,  Defendant and Appellant. | (Los Angeles County Super. Ct. No. 21CCJP02729D) |

APPEAL from orders of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Dismissed.

James W. Haworth, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

_____

O.V. (mother) appealed the juvenile court's order exercising jurisdiction over her youngest son (T.C.) and the related dispositional order. After mother filed this appeal, the juvenile court terminated jurisdiction over T.C. and entered a custody order, which mother did not challenge. We dismiss this appeal as moot. (See *In re Rashad D.* (2021) 63 Cal.App.5th 156, 158 (*Rashad D.*).)

## FACTS PROCEDURAL BACKGROUND

### I.    Facts

Mother has five children with three fathers. Only one son is at issue in this appeal—T.C. (born in 2016).[1] T.C.'s father is T.C., Sr. Mother has three other sons (born in 2012 and 2013) whose father is E.G., and one daughter (born 2021) whose father is A.T. ~(CT 9-24)~

T.C. has lived with his father since he and mother separated when T.C. was two years old. ~(CT 28, 60)~ In 2019, T.C., Sr., filed a petition in family court seeking full custody of T.C.; mother did not respond after being served with the notice.[2] ~(CT 924)~ T.C. has had scarce contact with mother, and neither

---

[1]    We grant the Department's unopposed motion to dismiss the appeal as it relates to mother's four other children named in the dependency petition.

[2]    The record does not reveal the outcome of the family law court proceedings.

T.C. nor his father has seen mother since mid-2019, when she came to father's residence, gave T.C. a bath, and fell asleep on the sofa before T.C., Sr., asked her to leave. ~(CT 924-925)~ Thereafter, mother "had one video call with [T.C.], then [a] phone call[,] and that was it[;] she stopped contacting him." ~(CT 925)~

On occasion, T.C., Sr., takes T.C. to visit with his three brothers at maternal grandmother's home, but he never leaves T.C. alone there. ~(*Ibid.*)~ At all relevant times, T.C. has "continue[d] to thrive" in his father's care, and has had no visitation with mother. ~(Supp CT 4)~

On May 24, 2021, A.T. pushed his infant daughter's face into a mattress to stop her from crying. ~(CT 42)~ A.T. was living with his infant daughter, mother, and mother and E.G.'s three sons in a motel at the time. ~(CT 42)~ This incident led to an investigation by the Department. ~(CT 42)~

## II.   *Procedural History*

In June 2021, the Department of Children and Family Services (Department) filed a petition seeking to exert jurisdiction over mother's five children under Welfare and Institutions Code section 300, subdivisions (a), (b), (d), and (j),[3] based on allegations of domestic violence between mother and A.T., A.T.'s abuse of their infant daughter and mother's failure to

---

[3]   All statutory references are to the Welfare and Institutions Code.

protect, mother's physical discipline of one of her sons with E.G., and E.G.'s sexual abuse of his three sons. ~(CT 9-24, 127-147)~ None of the allegations claim T.C. was present or living with mother during these incidents. ~(CT 127-142)~ T.C., Sr., was nonoffending. ~(CT 744)~

The jurisdictional and dispositional hearing was held on January 13, 2022. ~(CT 1253, RT 151)~ The court sustained the petition against mother as alleged, declaring all five children dependents of the court under section 300. ~(CT 1235-1263; RT 180)~ The court then terminated jurisdiction over T.C., pending receipt of a juvenile custody order granting T.C., Sr., sole legal and physical custody with monitored visits for mother. ~(CT 1256)~

Mother filed a timely notice of appeal on January 13, 2022. ~(CT 1264)~

On January 14, 2022, the juvenile court terminated jurisdiction over T.C. and entered a custody order awarding father sole custody of T.C.[4]

## DISCUSSION

Mother challenges the juvenile court's jurisdictional findings as they relate to T.C. because there was no evidence of a

---

[4]    We sua sponte take judicial notice of the juvenile court's docket, which reflects the court's issuance of the custody order and termination of jurisdiction over T.C.  (See Evid. Code, § 452, subd. (d).)

4

risk of harm to T.C. More than a year and a half before mother filed her opening brief, the juvenile court terminated its jurisdiction over T.C. and issued a custody order on January 14, 2022. Mother did not appeal the order terminating jurisdiction or the custody order. The appeal is thus moot. (See *Rashad D., supra,* 63 Cal.App.5th at p. 164; *In re Gael C.* (2023) 96 Cal.App.5th at p. 223.) None of the circumstances that generally warrant discretionary review of a moot case is present here. (See *In re D.P.* (2023) 14 Cal.5th 266, 282.)

### *DISPOSITION*

Mother's appeal is dismissed.


LEE, J.[*]

WE CONCUR:


BAKER, Acting P. J.


MOOR, J.

---

[*]      Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5